Ingraham, J.
The only question on this motion is whether or not an assignment made for the benefit of creditors that directs the assignee to pay certain persons named the amounts due to them “for salaries or wages, and after paying such amounts to pay certain other preferred creditors is void, where it appears that certain *326 persons other than those' mentioned, were creditors of the assignor for wages or salaries owing to them as employees of the assignor.
By section 328 of the Laws of 1884 the act in relation to assignments for the benefit of creditors was amended, so that “in all.assignments made in pursuance of this act, the wages or salaries actually owing to the employees of the assignor or assignors, at the time of the execution of the assignment, shall be preferred before any other debt.”
It would appear from the language of the statute that it was the intention of the legislature that the assignment itself should provide for such preferences.
The act does not say that such preferences shall exist independent of the assignment, but that “ in all assignments made, the wages or salaries, etc., shall be preferred before any other debt.”
In this case the assignors have directed that the wages due to certain employees shall be preferred, and have then disposed of the balance of the estate without providing that the amounts due the plaintiff shall be preferred.
This, I think, is clearly in violation of the statute, and as the assignee derives all his powers from the assignment, it is clear that he would not be authorized to pay any debts to employees not mentioned in the schedule.
In the case of Richardson v. Herron, 39 Ilun 537, a majority of the court held that where no attempt was made to prefer any of the debts due to the employees, the assignment was not void, but that decision would not apply where the assignors had directed that certain of their employees should be preferred without providing for other of their employees to whom there was an actual indebtedness for wages or salaries; and the contrary view appears to have been taken in Harriot v. Masterson, decided by the general term of the Second *327 Department, and in the case of Roberts v. Tobias, decided by Justice Van Brunt, at special term.
Stabler & Hibbard, for appellant.
James B. Dill, for respondent.
I think therefore that this assignment is void.
By the Court.—Sedgwick, Ch. J.
I agree with the learned judge at special term.
The sole power of the assignee is to devote the whole of the assigned estate to the purposes described in the assignment. He has no power to pay out of the estate, any debt of the assignor in preference to others, that is not described by the assignment. If he should pay the plaintiff, or a creditor preferred by the statute, he would violate his duty. No other person than he has power to make this payment. Therefore the object of the statute would be defeated, while the assignment stands, and therefore it must be set aside.
Perhaps the plaintiff loses the preference intended for him. Yet, if this be so, it is inevitable, and he must have in its stead the position of a diligent creditor.
Order affirmed with $10 costs to abide the event.
O’Gorman, J., concurred.